UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JAN 20 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-453-GWU

CHRISTOPHER MOSS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion.

## II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1) the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3) the position of the government is not substantially justified, and

4) no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

1

Moss

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

### III. DISCUSSION

The Commissioner does not challenge the itemization of fees by counsel for the plaintiff. She contends only that the government's position was substantially justified.

The Court noted in its Memorandum Opinion that the ALJ committed clear error in characterizing the vocational expert testimony as establishing that the plaintiff could perform his past relevant work. Memorandum Opinion, Docket Entry No. 20, p. 8. In addition, the essentially uncontradicted mental restrictions of the

2

Moss

plaintiff's treating psychiatrist were improperly discounted, as set out in detail in the Memorandum Opinion, pp.9-12.

The failure to address these factors renders the government's position less than substantially justified.

An order awarding counsel for the plaintiff fees in the amount of $2,647.50 will be entered.

This the 20 day of January, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

3